**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| JUAN LUCAS PEREIRA DA SILVA, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 1:26-cv-12457 |
| | ) | |
| v. | ) | |
| | ) | |
| ANTONE MONIZ, Superintendent, | ) | |
| Plymouth County Correctional Facility; | ) | |
| PATRICIA H. HYDE, Field Office Director, | ) | |
| ICE Enforcement and Removal Operations, | ) | |
| Boston/New England Field Office; | ) | |
| TODD M. LYONS, Acting Director, | ) | |
| U.S. Immigration and Customs Enforcement; | ) | |
| MARKWAYNE MULLIN, Secretary, | ) | |
| U.S. Department of Homeland Security; and | ) | |
| TODD BLANCHE, Acting Attorney General, | ) | |
| Respondents. | ) | |

# PETITION FOR WRIT OF HABEAS CORPUS

## INTRODUCTION

1. This is a petition for a writ of habeas corpus on behalf of Petitioner Juan Lucas Pereira Da Silva, a citizen and national of Brazil who is presently confined in civil immigration detention at the Plymouth County Correctional Facility ("PCCF") in Plymouth, Massachusetts.

2. Petitioner has been continuously detained since November 28, 2025. As of the filing of this Petition, Petitioner has been held in civil immigration custody for more than six months. He has never received an individualized custody hearing before any neutral adjudicator at which the government has been required to justify his continued confinement on grounds of danger or flight risk. Under the regulatory framework applicable to detention under 8 U.S.C. § 1225(b)(1), an Immigration Judge has no jurisdiction to redetermine his custody, and Petitioner has no available administrative remedy through which the necessity of his

continued confinement can be tested. His individual hearing on the merits is set for June 23, 2026. Following that hearing, routine review by the Board of Immigration Appeals and the United States Court of Appeals for the First Circuit is foreseeable and will extend the period of detention by many additional months.

3. The Petition presents a single claim under the Fifth Amendment's Due Process Clause. Petitioner's civil confinement has become unreasonably prolonged within the meaning of *Reid v. Donelan*, 22 F.4th 263 (1st Cir. 2022), and requires his immediate release or, at minimum, an individualized custody hearing meeting the procedural requirements of *Hernandez-Lara v. Lyons*, 10 F.4th 19 (1st Cir. 2021), and *Brito v. Garland*, 22 F.4th 240 (1st Cir. 2021).

4. This Petition does not relitigate the statutory-classification question previously decided against Petitioner in *Pereira Da Silva v. Moniz*, No. 1:26-cv-10446-GAO (D. Mass. May 4, 2026). The Petition proceeds in the alternative, accepting arguendo the prior Order's holding that Petitioner is presently detained under 8 U.S.C. § 1225(b)(1). The constitutional question presented here turns on facts that have materially changed since the prior judgment and was not adjudicated by the prior Order.

5. Petitioner respectfully requests that this Court declare that his continued civil confinement without an individualized custody hearing violates the Due Process Clause and order his immediate release on conditions or, in the alternative, an individualized custody hearing before an Immigration Judge within seven days.

## PARTIES

6. Petitioner Juan Lucas PEREIRA DA SILVA (A# 221-217-212) is a 37-year-old citizen and national of Brazil. He is currently confined in civil immigration detention at the Plymouth County Correctional Facility in Plymouth, Massachusetts.

7. Respondent Antone Moniz is the Superintendent of the Plymouth County Correctional Facility. He is a proper respondent and Petitioner's immediate custodian for purposes of

this Petition because he exercises day-to-day authority over Petitioner's physical confinement at PCCF.

8. Respondent Patricia H. Hyde is the Field Office Director for ICE Enforcement and Removal Operations, Boston/New England Field Office. She is a proper respondent because she exercises authority over Petitioner's civil immigration detention within the Boston/New England Area of Responsibility, including decisions regarding custody classification, detention location, and release.

9. Respondent Todd M. Lyons is the Acting Director of U.S. Immigration and Customs Enforcement. He is a proper respondent because he has supervisory authority over ICE's detention and release policies and practices nationwide, including the policies and practices being applied to detain Petitioner.

10. Respondent Markwayne Mullin is the Secretary of the U.S. Department of Homeland Security. He is a proper respondent because DHS is responsible for administration and enforcement of the Immigration and Nationality Act and he has ultimate authority over ICE and the decision to detain Petitioner.

11. Respondent Todd Blanche is the Acting Attorney General of the United States. He is a proper respondent because he oversees the Department of Justice, including the Executive Office for Immigration Review, and the legal regime under which Petitioner is being denied an individualized custody hearing.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 2241 because Petitioner is in federal custody within this District and challenges the legality of that custody. *Aguilar v. U.S. Immigration & Customs Enforcement*, 510 F.3d 1, 11 (1st Cir. 2007); *Gicharu v. Carr*, 983 F.3d 13, 16–17 (1st Cir. 2020). Habeas jurisdiction extends to constitutional challenges to civil immigration detention notwithstanding the channeling provisions of 8 U.S.C. § 1252. *Demore v. Kim*, 538 U.S. 510, 516–17 (2003). The First Circuit has repeatedly entertained prolonged-detention habeas petitions on the merits. *See, e.g., Reid*

*v. Donelan*, 22 F.4th 263 (1st Cir. 2022); *Hernandez-Lara v. Lyons*, 10 F.4th 19 (1st Cir. 2021); *Brito v. Garland*, 22 F.4th 240 (1st Cir. 2021).

13. This Court also has jurisdiction under 28 U.S.C. § 1331 because this action arises under the Constitution of the United States, including the Fifth Amendment.

14. This Court has authority to grant the relief requested pursuant to 28 U.S.C. §§ 2241 and 2243, including ordering Petitioner's release or other appropriate relief to remedy unlawful custody.

15. Venue is proper in this District under 28 U.S.C. § 1391(e) because Petitioner is detained in this District and Respondents are federal officers sued in their official capacities who reside in and/or perform official duties in this District.

## RELATION TO PRIOR PROCEEDINGS

16. Petitioner filed a prior habeas petition in this District on January 28, 2026, captioned *Pereira Da Silva v. Moniz, et al.*, No. 1:26-cv-10446-GAO (D. Mass.). That petition presented a statutory-classification claim. It alleged that Petitioner's detention was governed by 8 U.S.C. § 1226(a) and that Respondents' invocation of the Laken Riley Act's mandatory detention provision, 8 U.S.C. § 1226(c)(1)(E), was unlawful because Petitioner's underlying state allegation did not fall within the Act's enumerated predicate offenses.

17. On May 4, 2026, the Court (O'Toole, D.J.) issued an Opinion and Order denying the prior petition and dismissing the case. *Pereira Da Silva v. Moniz*, No. 1:26-cv-10446-GAO (D. Mass. May 4, 2026) (ECF No. 16). The Court held that Petitioner was subject to mandatory detention under 8 U.S.C. § 1225(b)(1) on the ground that his October 2, 2024 release on Interim Parole following a positive credible fear determination was parole under 8 U.S.C. § 1182(d)(5)(A) and that, on revocation of that parole on November 28, 2025, Petitioner returned to the § 1225(b)(1) custodial framework. The Court did not reach the alternative argument that Petitioner was subject to mandatory detention under 8 U.S.C. § 1226(c).

18. Neither preclusion doctrine bars this Petition.

19. Issue preclusion does not apply. Issue preclusion requires that the issue presented be the same as the one decided in the prior action, that the issue was actually litigated, that it was actually decided, and that its resolution was essential to the prior judgment. The May 4, 2026 Order resolved a question of statutory construction concerning the proper classification of Petitioner's detention authority between 8 U.S.C. § 1225(b)(1) and 8 U.S.C. § 1226(a). The Court did not analyze whether the cumulative duration of Petitioner's confinement has crossed the threshold of unreasonableness under *Reid v. Donelan*. The duration-dependent constitutional question presented here was not actually litigated, was not actually decided, and was not necessary to the prior judgment.

20. Claim preclusion does not bar this Petition. Petitioner's prior Reply (ECF No. 9) included a section captioned "Due Process Requires an Individualized Custody Hearing," and his Emergency Motion (ECF No. 10) included a section captioned "Continued Detention Violates Procedural Due Process," citing *Reid*, *Hernandez-Lara*, and *Brito*. The constitutional materials in those filings supported the statutory-classification claim that was the subject of the prior petition. Neither the Reply nor the Emergency Motion pleaded a freestanding claim for habeas relief on the duration-dependent theory advanced here. The Court's May 4, 2026 Order denied the prior petition and the Emergency Motion on a single basis, that 8 U.S.C. § 1225(b)(1) supplies the statutory authority for Petitioner's present detention. It did not adjudicate the duration-dependent constitutional theory now presented as an independent ground for relief.

21. Claim preclusion is further inapplicable because the operative facts underlying this Petition have changed materially since the prior judgment. The *Reid* framework is duration-dependent. 22 F.4th at 270–72. At the time of the prior petition, Petitioner had been detained for approximately two months. He has now been detained for more than six months. The foreseeable continuation of detention through BIA and First Circuit review is now concrete in a way it could not have been on the prior record. Claim preclusion does not bar claims premised on facts arising after the prior judgment. *Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 327–28 (1955); *Whole Woman's Health v. Hellerstedt*, 579 U.S. 582, 599 n.11 (2016) (claim preclusion does not foreclose claims based on changed factual circumstances).

22. The successive-petition bar of 28 U.S.C. § 2244(a) also does not bar this Petition. Section 2244(a) prohibits a court from entertaining a § 2241 application "if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application . . . and the petition presents no new ground not heretofore presented and determined." Petitioner does not contest that § 2244(a) applies to § 2241 petitions in this Circuit. *See Barrett v. United States*, 965 F.2d 1184, 1194 n.16 (1st Cir. 1992). The Petition is not barred because the prior judgment did not determine on the merits the *Reid* prolonged-detention claim presented here. The prior judgment turned on statutory construction. Section 2244(a) requires not merely that a prior application have been filed but that the ground presented in the subsequent application have been "determined on the merits" in the prior proceeding. That condition is not met.

## LEGAL BACKGROUND

### A. Due Process Protects Against Prolonged Civil Confinement Without Individualized Process.

23. The Fifth Amendment to the United States Constitution provides that no person shall "be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V.

24. The Due Process Clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). "Freedom from imprisonment . . . lies at the heart of the liberty that [the Due Process] Clause protects." *Id.* at 690.

25. Civil confinement, including civil immigration detention, is constitutional only where it is justified by a special, non-punitive purpose and accompanied by adequate procedural protections. *Id.* at 690–91; *Jackson v. Indiana*, 406 U.S. 715, 738 (1972). The longer civil confinement continues without an individualized determination that it remains necessary, the more difficult the government's constitutional burden becomes.

26. While the Supreme Court has upheld brief periods of mandatory detention in connection with removal proceedings, *see Demore v. Kim*, 538 U.S. 510, 526 (2003), it has expressly left open whether prolonged civil immigration detention without an individualized custody

hearing comports with the Fifth Amendment. *Jennings v. Rodriguez*, 583 U.S. 281, 313–14 (2018) (declining to reach the constitutional question and remanding). Justice Kennedy, concurring in *Demore*, anticipated that "since the Due Process Clause prohibits arbitrary deprivations of liberty, a lawful permanent resident alien . . . could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified." 538 U.S. at 532 (Kennedy, J., concurring).

**B. The First Circuit Applies a Totality-of-the-Circumstances Test for Prolonged Detention.**

27. In *Reid v. Donelan*, the First Circuit held that "the Constitution requires a bond hearing for civil immigration detainees whose detention has become unreasonably prolonged." 22 F.4th 263, 269 (1st Cir. 2022). The court rejected a bright-line temporal rule in favor of a "fact-dependent, totality of the circumstances" inquiry. *Id.* at 270.

28. The factors relevant to whether continued detention has become unreasonably prolonged include (i) the total length of detention to date, (ii) the foreseeable length of future detention, (iii) the conditions of confinement, (iv) any delay caused by the detainee, (v) any delay caused by the government, and (vi) the likelihood that removal proceedings will conclude in a final order of removal. *Id.* at 270–72. No single factor is dispositive, and the constitutional concern intensifies as detention continues. *Hernandez-Lara v. Lyons*, 10 F.4th 19, 35 (1st Cir. 2021) ("the longer a noncitizen is detained, the greater the constitutional concern").

29. Once a bond hearing is constitutionally required, the First Circuit has held that the government must bear the burden of proving by clear and convincing evidence that continued detention is justified, considering both danger and flight risk. *Hernandez-Lara*, 10 F.4th at 27, 39–41; *Brito v. Garland*, 22 F.4th 240, 250–52 (1st Cir. 2021). The adjudicator must consider alternatives to detention and the detainee's ability to pay. *Hernandez-Lara*, 10 F.4th at 41–42. Written findings are required. *Brito*, 22 F.4th at 252.

**C. The Prolonged-Detention Framework Applies to Detainees in Petitioner's Posture.**

30. Although *Reid*, *Hernandez-Lara*, and *Brito* arose in the context of 8 U.S.C. § 1226(c), the constitutional principle they articulate applies with equal force to detention under § 1225. Civil confinement without individualized process becomes unreasonable as it grows prolonged regardless of the statutory authority for the initial detention. The Supreme Court in *Jennings* expressly preserved the constitutional question for detainees in this posture. 583 U.S. at 313–14. The Ninth Circuit on remand held that due process requires periodic bond hearings for noncitizens held under § 1225. *Rodriguez v. Marin*, 909 F.3d 252, 254–56 (9th Cir. 2018).

31. This District has applied the prolonged-detention framework, or otherwise ordered individualized custody process, to detainees subject to the same statutory frameworks Respondents invoke here. *See Rincon v. Hyde*, 810 F. Supp. 3d 101 (D. Mass. 2025) (holding that even assuming arguendo that § 1225(b)(1) governs, due process requires an individualized custody hearing for a noncitizen detained after an extended period of liberty), *appeal pending*; *Guerrero Orellana v. Moniz*, 813 F. Supp. 3d 185 (D. Mass. 2025) (Saris, J.) (granting partial summary judgment for class of noncitizens detained in Massachusetts), *appeal pending*; *Martinez v. Hyde*, 792 F. Supp. 3d 211 (D. Mass. 2025); *Doe v. Moniz*, 800 F. Supp. 3d 203 (D. Mass. 2025) (Talwani, J.); *Hernandez Amado v. Moniz*, No. 1:25-cv-13458-IT, 2025 WL 3281795 (D. Mass. Nov. 25, 2025) (Talwani, J.); *Inlago Tocagon v. Moniz*, 802 F. Supp. 3d 93 (D. Mass. 2025) (Joun, J.); *Elias Escobar v. Hyde*, No. 1:25-cv-12620-IT, 2025 WL 2823324 (D. Mass. Oct. 3, 2025) (Talwani, J.).

32. The First Circuit's decision in *Doe v. Noem*, 152 F.4th 272 (1st Cir. 2025), does not foreclose this Petition. *Doe* addressed a class-wide preliminary-injunction challenge to the categorical termination of CHNV humanitarian parole and held only that the government's statutory interpretation of the phrase "has been . . . paroled" was "plausible." 152 F.4th at 287. *Doe v. Noem* is a statutory case decided on preliminary-injunction standards. It did not apply *Reid* and did not address the duration of detention as a constitutional matter.

## FACTUAL ALLEGATIONS

### A. Procedural Background.

33. Petitioner Juan Lucas Pereira Da Silva (A# 221-217-212) is a 37-year-old citizen and national of Brazil.

34. On September 1, 2024, United States Customs and Border Protection encountered Petitioner near Eagle Pass, Texas. Petitioner expressed a fear of persecution and torture if returned to Brazil. A United States Citizenship and Immigration Services asylum officer determined that Petitioner had established a credible fear of persecution or torture, and on September 23, 2024, the original expedited removal order against Petitioner was vacated pursuant to 8 C.F.R. § 208.30(f). The Department of Homeland Security issued Petitioner a Form I-862 Notice to Appear placing him in removal proceedings under § 240 of the Immigration and Nationality Act, 8 U.S.C. § 1229a. The Notice to Appear charges Petitioner as inadmissible under INA §§ 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) and does not charge him as an arriving alien.

35. On October 2, 2024, Petitioner was released from DHS custody. Petitioner was thereafter enrolled in the Alternatives to Detention program supervised by the Boston ICE/ERO field office, was given a residence of record in this District, and was subject to ongoing supervisory conditions. Petitioner remained at liberty in this District for approximately fourteen months.

36. During that period of liberty, Petitioner appeared at every hearing before the Immigration Court and remained at his residence of record. He has at no time failed to appear before any immigration tribunal.

37. On November 28, 2025, ICE Enforcement and Removal Operations officers detained Petitioner in Framingham, Massachusetts, immediately following an arraignment in Framingham District Court. ICE asserted custody under a Form I-200 Warrant of Arrest of Alien. The arraignment was on one count of assault and battery on a family or household member in violation of M.G.L. c. 265 § 13M. No conviction has entered on that charge. The matter remains pending, and Petitioner's defense counsel has indicated her intent to seek dismissal for lack of prosecution.

38. Petitioner has been continuously confined in civil immigration detention at the Plymouth County Correctional Facility since November 28, 2025. As of the filing of this Petition, Petitioner has been detained for more than six months.

**B. Current Removal Proceedings and the Foreseeable Length of Future Detention.**

39. Petitioner's removal proceedings are pending before the Boston Immigration Court and are being conducted on the Chelmsford detained docket. The Honorable Natalie Smith presides. Petitioner filed an application for asylum, withholding of removal under 8 U.S.C. § 1231(b)(3), and protection under the Convention Against Torture on February 18, 2026. A supplemental merits packet, including a forensic medical evaluation prepared under the Istanbul Protocol, was filed on April 10, 2026. Petitioner's individual hearing on the merits is currently scheduled for June 23, 2026 at 2:30 PM before Immigration Judge Smith in Chelmsford.

40. Following the June 23, 2026 individual hearing, the Immigration Judge may render an oral decision at the hearing's conclusion or reserve a written decision for issuance on a later date. EOIR's Immigration Court Practice Manual sets no fixed deadline for the issuance of a written merits decision in detained § 240 proceedings. EOIR, Immigration Court Practice Manual Pt. II, Ch. 3.15(g).

41. On any appeal to the Board of Immigration Appeals, the parties in a detained case are each provided twenty-one days to file simultaneous briefs, with reply briefs only by leave of the Board and only within twenty-one days after the deadline for the initial briefs. 8 C.F.R. § 1003.3(c)(1). The Board carries a substantial backlog. EOIR's most recent published adjudication statistics show 202,803 appeals pending at the close of FY 2025 against only 35,362 appeals completed during that fiscal year. EOIR, Adjudication Statistics, All Appeals Filed, Completed, and Pending (Jan. 26, 2026). The Department of Justice has formally acknowledged that BIA appeals "take a long time to resolve, often more than a year." Reducing the Size of the Board of Immigration Appeals, 90 Fed. Reg. 15732, 15732 (Apr. 14, 2025).

42. A subsequent petition for review to the First Circuit takes approximately 13.3 months from docket date to last opinion in the median, with appeals of BIA decisions constituting

roughly eighty percent of administrative agency appeals in the Courts of Appeals. Administrative Office of the U.S. Courts, Judicial Business 2025, Table B-4C (12-month period ending Sept. 30, 2025). On these published figures, detention through the conclusion of removal and appellate proceedings would extend total confinement to approximately twenty-eight to thirty-five months from the November 28, 2025 re-detention. *See Hernandez-Lara*, 10 F.4th at 36 (BIA and circuit-court review routinely extends civil immigration detention by "many months").

43. Petitioner has not caused, requested, or contributed to any material delay in his removal proceedings. He has appeared at all scheduled hearings before the Immigration Court, has not requested unnecessary continuances, and is represented by undersigned counsel.

44. Throughout the entire period of his confinement, Petitioner has not received an individualized custody hearing before an Immigration Judge or any other neutral adjudicator at which the government has been required to justify his continued detention on grounds of danger to the community or flight risk. Under the regulatory framework applicable to Petitioner's detention as classified by the prior Order, an Immigration Judge has no jurisdiction to redetermine the conditions of his custody. 8 C.F.R. § 1003.19(h)(2)(i)(B). Petitioner accordingly has no available administrative remedy through which the necessity of his continued confinement can be tested.

45. Petitioner's confinement at the Plymouth County Correctional Facility takes place under carceral conditions. PCCF is a county correctional facility that holds both immigration detainees and pretrial criminal detainees. Petitioner is subject to substantial restrictions on movement, communication, family contact, and personal autonomy.

**C. Likelihood of Removal and Equities Supporting Release.**

46. Petitioner has a substantial basis to fear persecution and torture in Brazil. Petitioner was targeted in 2024 by members of Primeiro Comando da Capital ("PCC"), a major transnational criminal organization, who twice attacked him. The second attack involved blunt-force trauma to the head with a heavy object that caused Petitioner to lose consciousness and from which Petitioner retains a visible scar on the back of his head.

47. A board-certified physician evaluator examined Petitioner under the Istanbul Protocol on April 24, 2026 and concluded that his clinical presentation, including the head scar and persistent symptoms consistent with post-traumatic stress disorder, was consistent with his account of being targeted, beaten, and left for dead in Brazil. The forensic medical affidavit has been filed as part of the supplemental merits packet in Petitioner's removal proceedings.

48. Petitioner's wife, Graziele Pereira Da Silva, was the victim of a qualifying criminal offense committed in the United States and is preparing a Form I-918 Petition for U Nonimmigrant Status, in which Petitioner will be named as a qualifying derivative beneficiary as her spouse. *See* 8 U.S.C. § 1101(a)(15)(U)(ii).

49. Petitioner has substantial ties to the United States. His wife resides in this country. His brother resides in this country. He has community support and a proposed residence available to him upon release.

## CLAIM FOR RELIEF

### COUNT I
### WRIT OF HABEAS CORPUS
### (FIFTH AMENDMENT DUE PROCESS – UNREASONABLY PROLONGED DETENTION)

50. Petitioner realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

51. Respondents have detained Petitioner in civil immigration custody continuously since November 28, 2025, a period now exceeding six months, without affording Petitioner an individualized custody hearing before a neutral adjudicator at which the government has been required to justify the continued necessity of confinement.

52. Under the totality of the circumstances set forth above, Petitioner's continued confinement without process has become unreasonably prolonged. The total length of detention has exceeded six months. The foreseeable additional length of detention through the conclusion of removal and appellate proceedings is approximately twenty-eight to thirty-five months

on the published EOIR and First Circuit statistics. The conditions of Petitioner's confinement at PCCF are carceral. No material delay in the removal proceedings is attributable to Petitioner. The likelihood that the removal proceedings will conclude in a final order of removal is materially contested in light of the medical and forensic record supporting Petitioner's asylum claim. *Reid v. Donelan*, 22 F.4th 263, 269–72 (1st Cir. 2022); *Hernandez-Lara*, 10 F.4th at 35–36.

53. Petitioner's continued civil confinement without an individualized custody hearing therefore violates the Due Process Clause of the Fifth Amendment to the United States Constitution.

54. Any individualized custody hearing constitutionally required must be conducted with the procedural protections recognized by the First Circuit, including placement of the burden of proof on the government by clear and convincing evidence as to both danger and flight risk, consideration of alternatives to detention, consideration of Petitioner's ability to pay, and written findings. *Hernandez-Lara*, 10 F.4th at 27, 39–42; *Brito*, 22 F.4th at 250–52.

55. The constitutional violation is ongoing and compounds with each additional day of confinement. Absent intervention by this Court, Petitioner will remain confined without process throughout the pendency of his removal proceedings and any subsequent appellate proceedings, a period likely to extend many additional months.

**PRAYER FOR RELIEF**

Wherefore, Petitioner respectfully asks this Court to grant the following relief.

1. Expedite consideration of this Petition to the maximum extent possible pursuant to 28 U.S.C. § 2243;

2. Enter an order prohibiting Petitioner's transfer from this District to any other detention location while this Petition is pending;

3. Declare that Petitioner's continued civil immigration confinement without an individualized custody hearing violates the Due Process Clause of the Fifth Amendment to the United States Constitution;

4. Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner from custody on conditions the Court deems appropriate;

5. In the alternative, order Respondents to provide Petitioner with an individualized custody hearing before an Immigration Judge within seven (7) days, at which (a) the government shall bear the burden of proving by clear and convincing evidence that Petitioner's continued detention is justified by danger or flight risk such that no condition or combination of conditions can reasonably assure his appearance and the safety of the community, (b) the Immigration Judge shall consider alternatives to detention and Petitioner's ability to pay, (c) the hearing shall be transcribed, and (d) the Immigration Judge shall set forth in writing the basis for any custody determination;

6. Award Petitioner reasonable attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412; and

7. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

June 1, 2026

**/s/ Jacob S. Binnall**
Jacob S. Binnall, Esq.
Attorney for Petitioner
Massachusetts Bar No. 712846
Law Office of Jacob Binnall PLLC
43 Park Street #17
Framingham, MA 01702
Telephone (508) 808-8378
Email jacob@attorneybinnall.com

## VERIFICATION PURSUANT TO 28 U.S.C. § 2242

I represent Petitioner JUAN LUCAS PEREIRA DA SILVA, and I submit this verification on his behalf. I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge, information, and belief.

Dated June 1, 2026

**/s/ Jacob S. Binnall**
Jacob S. Binnall, Esq.
Attorney for Petitioner
Massachusetts Bar No. 712846
Law Office of Jacob Binnall PLLC
43 Park Street #17
Framingham, MA 01702
Telephone (508) 808-8378
Email jacob@attorneybinnall.com

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, a true and correct copy of the foregoing Petition was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all counsel of record.

Dated June 1, 2026

**/s/ Jacob S. Binnall**
Jacob S. Binnall