UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JUAN LUCAS PEREIRA DA SILVA,<br><br>Petitioner,<br><br>v.<br><br>ANTONE MONIZ, *et al*.,<br><br>Respondents. | Civil Action No. 1:26-cv-12457-GAO |

**RESPONDENTS' OPPOSITION TO**
**<u>PETITION FOR WRIT OF HABEAS CORPUS</u>**

Respondents, by and through their attorney, Leah B. Foley, United States Attorney for the District of Massachusetts, submit this opposition to Petitioner Juan Lucas Pereira Da Silva's second Petition for Habeas Corpus. ECF No. 1. Respondents aver that because Petitioner was paroled into the United States from his position, as an applicant for admission who was seeking admission into the United States per 8 U.S.C. § 1225(b)(1), he is statutorily required to be returned to the same custody from which he was paroled and treated in the same manner. *See* 8 U.S.C. § 1182(d)(5)(A). Indeed, as other sessions of this Court have recognized, his return to that status does not violate due process. *See Luna Banegas v. McDonald, Jr., et al.*, No. 25-cv-13161-NMG, ECF No. 11 at pp. 7-9 (D. Mass. Nov. 21, 2025); *De Souza Costa v. Wesling, et al.,* No. 25-cv-13480-DJC, ECF. No. 9.[1]

**BACKGROUND**

[1] This Honorable Court has also decided this issue for the same Petitioner and denied the prior Petition. *See Pereira Da Silva v. Moniz*, No. 26-cv-10446-GAO (D. Mass. May 04, 2026). Petitioner files this Petition claiming issue preclusion does not apply as the detention period has become unreasonable. ECF No. 1 at 5.

Petitioner is a native and citizen of Brazil. Exhibit 1, Form I-862, Notice to Appear. Petitioner entered the United States at an unknown location on or about September 01, 2024. *Id.* At that time, Petitioner did not possess or present a valid immigrant visa, reentry permit, border crossing identification card, or other valid entry document and was not admitted or parole after inspection by an immigration officer. *Id.* Petitioner was subsequently issued a Form I-860, Notice and Order of Expedited Removal, pursuant to 8 U.S.C. § 1225(b)(1). *See* Exhibit 2, Form I-860, Notice and Order of Expedited Removal. Petitioner also subsequently claimed a fear of return to Brazil; and on September 23, 2024, an asylum officer issued Petitioner a Form I-862, Notice to Appear, after determining that he presented a credible fear of persecution or torture, which commenced removal proceedings. Exhibit 1. The Petitioner was then released on parole under Section 212(d)(5)(A) of the Immigration and Nationality Act. Exhibit 3, Interim Notice Authorizing Parole. The parole authorization was valid for one year. *Id.*

On or about November 28, 2026, Immigration and Customs Enforcement ("ICE") encountered Petitioner and detained him. ECF No. 1, ¶ 37. A Form I-200, Warrant for Arrest of Alien was issued to the Petitioner. *Id.* Petitioner remains detained at Plymouth County Correctional Facility, in Plymouth, Massachusetts. *Id.*, ¶ 45. The Petitioner had an individual hearing for his application for relief on July 06, 2026. Exhibit 4, Order of the Immigration Judge. The Petitioner's application was denied and he was ordered removed. *Id.* Per ICE agency counsel, there is no record of an appeal being filed. The appeal period expires today, August 5, 2026. Exhibit 4.

Petitioner filed the Petition on June 1, 2026. ECF No. 1. Petitioner claims that Petitioner's detention violates the Constitution. *Id.* Petitioner primarily requests that this Court release him, or alternatively, order a bond hearing. *Id.*, (PRAYER FOR RELIEF).

## ARGUMENT

**1. Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(1).**

Petitioner was detained by immigration officials as an applicant for admission pursuant to 8 U.S.C. § 1225(b)(1) as he was originally issued a Notice and Order of Expedited Removal, presented a positive credible fear, and then released on interim parole under 8 U.S.C. § 1182(d)(5). *See* Exhibit 2. Petitioner fails to acknowledge that ICE released him on parole 8 U.S.C. § 1182(d)(5), but acknowledges that he was processed for expedited removal, and thus, was originally detained pursuant to 8 U.S.C. § 1225, and subsequently released after he underwent the credible fear process. *See* ECF No. 1, ¶ 34; *see also* Exhibit 3. As Petitioner entered the United States without inspection and received a credible fear interview, section 1225(b)(1) governs the posture of his immigration case and subsequent detention. 8 U.S.C. §§ 1225(b)(1)(A)(i), (iii).

After a petitioner's § 1182(d)(5) parole expires or is terminated, that petitioner is required to return to the custody and status from which he was paroled, and to be treated in the same manner as he was treated prior to his parole. *See* 8 U.S.C. § 1182(d)(5)(A) (requiring that after parole, "the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States"). 8 C.F.R. § 212.5(e) explains that parole may be terminated automatically or on notice. In the instant matter, Petitioner's parole expired on or about November 1, 2025. Exhibit 3. The regulation goes on to state that parole shall be automatically terminated, without written notice, if the alien has not departed, at the expiration of time for which the parole was authorized. 8 C.F.R. § 212.5(e)(1)(ii) (cleaned up). The regulation does not require a determination that he is a flight risk or danger to the community before re-detaining him. *See generally*, 8 C.F.R. § 212.5(e). Nor does the regulation require "changed circumstances." *See id.*

As such, Petitioner's parole properly ceased per the regulations upon its expiration date, and he returns to the status from which he was paroled from.

Here, at the time of his parole, Petitioner's custody status was an § 1225(b)(1) that of an arriving alien and applies to aliens initially determined to be inadmissible due to … lack of valid documentation. *See Jennings v. Rodriguez,* 583 U.S. 281, 287 (2018). As other sessions of this Court (and others in this circuit) have found, ICE's detention authority thus remains § 1225(b) once Petitioner is returned to custody after his parole ends. *See Martins-Januario v. Hyde et. al,* No. 25-cv-13647-LTS, ECF No. 14 at 5 ("Nor does the respondents' exercise of discretion in granting Martins-Januario temporary humanitarian parole pursuant to § 1182(d)(5)(A), which expressly provides for a parolee's return 'forthwith . . . to the custody from which he was paroled' upon a decision by the respondents to terminate such parole."); *Luna Banegas*, No. 25-cv-13161-NMG, ECF. No. 11 at 6-7 (noting that "it is well established" that petitioner be returned to § 1225(b) detention after he was paroled from § 1225(b) custody); *De Souza Costa v. Wesling, et al.*, No. 25-cv-13480-DJC, ECF. No. 9 (Electronic Order finding that § 1225(b) continued to apply after parole termination); *Velasquez Rincon v. Hyde*, No. 25-cv-12633-BEM, ECF. No. 17 at 6-8 (D. Mass. Nov. 7, 2025) (finding that upon parole termination, petitioner was statutorily required to "forthwith return or be returned to the custody . . . from which [he] was paroled"); *Tenemasa-Lema v. Hyde*, No. 25-cv-13029-BEM, ECF No. 17 at 3-6 (D. Mass. Nov. 25, 2025) (same); *Alves De Souza v. Moniz, et al.*, No. 25-cv-13334-MJJ, ECF No. 12 at (D. Mass. Dec. 1, 2025) at 2-4 (same); *Alsaheb v. Moniz*, *et al.*, No. 25-cv-13422-MJJ, ECF No. 9 (D. Mass. Dec. 2, 2025) at 2-4 (same); *Martins-Januario v. Hyde, et al.*, No. 25-cv-13647-LTS, ECF No. 14 at 4-5 (D. Mass. Jan. 28, 2026) (exercise of discretion in granting parole did not change detention authority). *See also See Caiza v. Scott,* No. 25-cv-00500-JAW, 2025 WL 3013081 (D. Me. Oct. 28, 2025), at *6-

7 (finding that upon expiration of parole years earlier, petitioner must be restored to detention under § 1225(b)(2), and further rejecting Petitioner's argument that he was not subject to § 1226 because he had been "continuously living in the United States" after parole terminated) (citing 8 C.F.R. § 212.5(e)(1)(ii) and (e)(2)(i)); 8 U.S.C. § 1182(d)(5)(A))[2]. A finding otherwise here would contravene the express language of the statute and Congressional intent.

At bottom, parole under 8 U.S.C. § 1182(d)(5)(A) merely permits a noncitizen to physically enter this country, subject to the fact that he will always be treated as an applicant for admission subject to mandatory detention. *See De Souza Costa v. Wesling, et al*., No. 25-cv-13480-DJC, ECF No. 9 (Electronic Order finding that § 1225(b) continued to apply after parole termination). In other words, aliens that are paroled into the United States, "even those paroled elsewhere in the country for years pending removal" remain treated for due process purposes "as if stopped at the border." *DHS v. Thuraissigiam*, 591 U.S. 103, 139 (2020) (quoting *Shaughnessy v. U.S. ex rel. Mezei*, 345 U.S. 206, 215 (1953)); *see also Leng May Ma v. Barber*, 357 U.S. 185, 188-90 (1958); *Diaz Martinez v. Hyde*, -- F. Supp. 3d --, 2025 WL 2084238, at *3 (D. Mass. 2025). An applicant for admission, even if paroled into the United States, "remain[s] constructively detained at the border, *i.e.,* legally unadmitted, while their status is being resolved by immigration officials." *Ibragimov v. Gonzales*, 476 F.3d 125, 134 (2d Cir. 2007); *see also Duarte v. Mayorkas*, 27 F.4th 1044, 1059 (5th Cir. 2022) ("[A] paroled alien is legally equivalent to an alien that is held in custody at the border while their application for admission is processed.").

As such, Petitioner's mandatory detention is authorized by statute.

---

[2] As Judge Woodcock also noted, a conclusion that an alien initially detained pursuant § 1225(b) who was paroled into the United States then becomes subject to discretionary detention under § 1226(a) after parole expiration "would reward noncitizens paroled under § 1182(d)(5)(A) for their failure or refusal to report to ICE as directed." *Caiza*, 2025 WL 3013081, at *7.

2. **Return to Custody After Parole Does Not Violate Due Process.**

Moreover, as this Court and others have found, Petitioner's return to mandatory detention as Congress intended and is statutorily required — does not violate due process. *See Luna Banegas*, No. 25-cv-13161-NMG, ECF No. 11 at 7-9 ("Because of the entry fiction doctrine, mandatory detention of petitioner under § 1225 does not deprive him of due process or run afoul of the Constitution); *De Souza Costa v. Wesling, et al.*, No. 25-cv-13480-DJC, ECF No. 9 (Electronic Order finding that § 1225(b) continued to apply after parole termination). Aliens that are paroled into the United Sates, "even those paroled elsewhere in the country for years pending removal" remain treated for due process purposes "as if stopped at the border." *DHS v. Thuraissigiam*, 591 U.S. 103, 139 (2020) (quoting *Shaughnessy v. U.S. ex rel. Mezei*, 345 U.S. 206, 215 (1953)); *see also Leng May Ma v. Barber*, 357 U.S. 185, 188-90 (1958); *Diaz Martinez v. Hyde*, -- F. Supp. 3d --, 2025 WL 2084238, at *3 (D. Mass. 2025). An applicant for admission, even if paroled into the United States, "remain[s] constructively detained at the border, *i.e.* legally unadmitted, while their status is being resolved by immigration officials." *Ibragimov v. Gonzales*, 476 F.3d 125, 134 (2d Cir. 2007); *see also Duarte v. Mayorkas*, 27 F.4th 1044, 1059 (5th Cir. 2022) ("[A] paroled alien is legally equivalent to an alien that is held in custody at the border while their application for admission is processed.").

3. **Petitioner's Continued Detention is Justified During Removal Proceedings**

Per 8 U.S.C. § 1225(b)(1)(B)(iii)(IV), Petitioner "shall be detained pending a final determination of credible fear of persecution and, if found not to have such a fear, until removal." As stated by the Supreme Court, an individual issued an expedited removal "is not entitled to immediate release." *Thuraissigiam*, 591 U.S. at 111. Instead, as explained in *Jennings*, § 1225(b) "mandate[s] detention of applicants for admission until proceedings have concluded." 538 U.S. at

297. In declining to find a statutory requirement to conduct bond hearings for such applicants for admission, the Supreme Court explained that "nothing in the statutory text imposes any limit on the length of detention … and neither [statutory provision] says anything whatsoever about bond hearings." *Id.* As such, Petitioner's detention while he pursues protection from removal is lawful pursuant to the plain language of the statute and Supreme Court precedent.

Petitioner fails to address the Supreme Court decisions that govern this case and foreclose the relief he seeks: *Mezei* and *Thuraissigiam*. In seeking release to remedy an alleged due process violation, Petitioner ignores *Mezei*'s holding, reaffirmed in *Thuraissigiam*, that "[w]hatever the procedure authorized by Congress is, it is due process as far as an alien denied entry is concerned." 345 U.S. at 212. Here, Section 1225(b) makes plain that applicants for admission "shall be detained pending a final determination of credible fear of persecution and, if found not to have such a fear, until removal." 8 U.S.C. § 1225(b)(1)(B)(iii)(IV). Alternatively, if ICE issues a Notice to Appear to place an applicant for admission into removal proceedings, such individual "shall be detained" during the course of such proceedings. 8 U.S.C. § 1225(b)(2)(A). As such, Petitioner is not entitled to release because "an alien in [Petitioner's] position has only those rights regarding admission that Congress has provided by statute." *Thuraissigiam*, 591 U.S. at 140. The Petitioner's immigration proceedings are still in process. The Petitioner is not subject to a final order of removal as of today's date. Until then, and if detention is prolonged, the Petitioner can file a Petition at the appropriate time. *Zadvydas v. Davis*, 533 U.S. 678 (2001).

Based on the foregoing, Petitioner's detention is lawful under the statute and Constitution.

## **CONCLUSION**

For the foregoing reasons, the Petition should be denied because ICE's detention of Petitioner is lawful pursuant to statute, regulation, and the Constitution.

Dated: August 5, 2026

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By: */s/ Vincent Engingro III*
Special Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
Tel.: 617-748-3271
Email: Vincent.Engingro@usdoj.gov

**CERTIFICATE OF SERVICE**

I, Vincent Engingro III, Special Assistant United States Attorney, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). Paper copies will be sent to those indicated as non-registered participants.

Dated: August 5, 2026

By: */s/ Vincent Engingro III*
Special Assistant United States Attorney