**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JUAN LUCAS PEREIRA DA SILVA,<br><br>Petitioner,<br><br>v.<br><br>ANTONE MONIZ, et al.,<br><br>Respondents. | Civil Action No. 1:26-cv-12457-GAO |

**PETITIONER'S EMERGENCY MOTION FOR EXPEDITED RULING ON HIS MOTION TO ENFORCE THE SEPTEMBER 2, 2026 ORDER (ECF NO. 17)**
(Incorporated Memorandum of Reasons Pursuant to Local Rule 7.1(b)(1))

Petitioner Juan Lucas Pereira Da Silva respectfully moves for an expedited ruling on his Emergency Motion to Enforce the September 2, 2026 Order (ECF No. 17), and asks that the Court treat Respondents' Response to Court Order (ECF No. 16) as their opposition, decide ECF No. 17 on the existing record, and order his immediate release. On September 2, 2026, the Court ordered that "unless the government demonstrates that it has complied with the regulatory requirements of 8 C.F.R. § 212.5 within fourteen (14) days of this Order . . . the petitioner shall be released." ECF No. 15. Respondents made no such demonstration by the fourteenth day, September 16, 2026, ECF No. 16, Petitioner moved that same day to enforce the Order, ECF No. 17, and nothing has been filed since. Petitioner has now been in custody for 303 days, his mental condition is deteriorating, and his continued detention has already caused him to miss the biometrics appointment on which his pending derivative U visa petition depends. Third Supplemental Declaration of Jacob S. Binnall ("Third Supp. Binnall Decl.") ¶¶ 5–8.

## I. THE COURT SHOULD TREAT ECF NO. 16 AS RESPONDENTS' OPPOSITION AND DECIDE ECF NO. 17 ON THE EXISTING RECORD

Under Local Rule 7.1(f), a motion that is not set for hearing is decided "after an opposition to the motion has been filed, or, if no opposition is filed, after the time for filing an opposition has elapsed," and under Local Rule 7.1(b)(2) that time is fourteen days after service unless "another period is fixed by rule or statute, or by order of the court." Because ECF No. 17 was served on September 16, 2026, the opposition period runs through September 30, 2026, and in the ordinary course the motion would become ripe for decision only then. Three considerations warrant deciding the motion now, the first being that Respondents' position on the only question ECF No. 17 presents is already of record. Their submission of September 16 states that "8 C.F.R. § 212.5(e)(2) does not apply," that "there is no requirement a government official has to determine that the public interest requires continued custody," and that "[t]he Respondents maintain the Petitioner is lawfully detained," ECF No. 16 at 2, and nothing remains for Respondents to say that they have not already said.

Second, the Order itself fixed the consequence of noncompliance, providing that upon the government's failure to make the required demonstration within fourteen days "the petitioner shall be released," ECF No. 15, so that each day since September 16 has been a day of custody the Court has already found "does not comply with the express regulatory requirements of § 212.5(e)(2)(i)." *Id.* Third, the office of the writ is "to provide a prompt and efficacious remedy for whatever society deems to be intolerable restraints," *Harris v. Nelson*, 394 U.S. 286, 291 (1969) (quoting *Fay v. Noia*, 372 U.S. 391, 401–02 (1963)), and the statute governing this proceeding directs that a return be made "within three days," that a hearing be set "not more than five days after the return," and

that the court "summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

In the immigration context specifically, the Ninth Circuit has held that "habeas proceedings implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy," because "[s]pecial solicitude is required" for a writ "intended to be a 'swift and imperative remedy in all cases of illegal restraint or confinement.'" *Yong v. INS*, 208 F.3d 1116, 1120 (9th Cir. 2000) (quoting *Fay*, 372 U.S. at 400). The Court may fix a shorter period by order, LR 7.1(b)(2), as an incident of "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Petitioner accordingly asks that the Court treat ECF No. 16 as Respondents' opposition to ECF No. 17 and decide ECF No. 17 on the existing record now.

## II. EACH DAY OF DELAY INFLICTS HARM THAT CANNOT BE UNDONE

Petitioner has been in immigration custody since November 28, 2025, and as of the date of this motion he has been detained for 303 days, 292 of them before the Order's deadline and eleven since. Third Supp. Binnall Decl. ¶ 5. In a telephone call with counsel on September 25, 2026, Petitioner reported that he is unwell, that he is not sleeping, that there have been fights at the facility, and that his post-traumatic stress symptoms are triggered constantly, and he sounded to counsel profoundly depressed and very unwell. *Id.* ¶ 6; *see* Pet. ¶ 47. Courts have recognized that detention which exacerbates a diagnosed psychiatric condition inflicts harm that cannot be repaired, *see Pankim v. Barr*, No. 20-cv-02941-JSC, 2020 U.S. Dist. LEXIS 88084, at *18–19 (N.D. Cal. May 19, 2020) (excusing exhaustion because detention that "exacerbates his PTSD

symptoms" showed "a likelihood of irreparable harm"), and have both expedited a habeas proceeding and directed release within twenty-four hours on the detainee's prior conditions "[g]iven the deterioration of his health" while in ICE custody. *Fernandez v. Acuna*, No. 26-375-SDD-RLB, 2026 U.S. Dist. LEXIS 194577, at *2, *14 (M.D. La. Aug. 27, 2026).

Continued custody is also preventing Petitioner from completing the process on which his pending derivative U visa petition depends. Petitioner is the beneficiary of a receipted Form I-918, Supplement A, filed by his wife, and USCIS scheduled him for the biometrics appointment that the regulations require in connection with that petition. ECF No. 14-1 ¶ 8; Pet. ¶ 48; 8 C.F.R. §§ 103.2(b)(9), 214.14(c)(3), (f)(5). Counsel asked ICE in writing, before the appointment, to release Petitioner so that he could attend it, counsel for Respondents represented that ICE had declined to release him notwithstanding the petition, "in connection with which USCIS has scheduled a biometrics appointment," and Petitioner remained detained at the Plymouth County Correctional Facility on the day of the appointment and did not attend. ECF No. 14-1 ¶ 8; Third Supp. Binnall Decl. ¶¶ 7–8. He cannot cure that absence while he remains in custody, because USCIS "does not collect biometrics from aliens or other persons who are detained or incarcerated in any jail, prison, or similar DHS or non-DHS detention facilities and have a pending immigration petition or application with USCIS." *Gonzalez v. Wesling*, No. 26-cv-231-JJM-AEM, 2026 U.S. Dist. LEXIS 136829, at *17–18 (D.R.I. June 19, 2026) (quoting U.S. Citizenship & Immigr. Servs., Policy Alert PA-2025-28, *Biometrics Collection for Aliens in Custody* 1–2 (Dec. 5, 2025)). When a person required to appear for biometrics does not appear, the benefit request "shall be considered abandoned and denied" unless USCIS excuses the failure, 8 C.F.R. § 103.2(b)(13)(ii), and a denial for abandonment "may not be appealed" and may be reopened only on grounds that do not reach a failure to appear caused by detention, *id.* §§ 103.2(b)(15), 103.5(a)(2). A judge of this Court has

held that "[w]hen a petitioner's detention interferes with their right to adjudication, that detention is unlawful," and ordered the immediate release of a detainee at the same facility who could not attend a USCIS interview while in custody. *Sencion v. Moniz*, No. 26-cv-12394-AK, 2026 U.S. Dist. LEXIS 158883, at *10, *14 (D. Mass. July 17, 2026); *see Gonzalez*, 2026 U.S. Dist. LEXIS 136829, at *16, *22; *Sonora-Abrajan v. Bondi*, No. 3:25-cv-02090, 2026 U.S. Dist. LEXIS 108439, at *14–17 (W.D. La. Apr. 8, 2026) (detainee held before her appointment under asserted mandatory detention), *report and recommendation adopted*, 2026 U.S. Dist. LEXIS 107449, at *1–2 (W.D. La. May 14, 2026) (ordering release to permit biometrics). The Court need not decide whether that interference would independently require release, because the September 2 Order already does, and the interference shows why the ruling on ECF No. 17 should not await the close of the ordinary opposition period.

Respondents have not sought reconsideration of the Order, an extension of its deadline, a stay, or appellate review, and they have served no determination under § 212.5(e)(2)(i) that "the public interest requires that the alien be continued in custody." Third Supp. Binnall Decl. ¶¶ 3–4. The Order's directive has therefore been in effect by its own terms since September 16, for a conditional grant of habeas relief "lies latent unless and until the state fails to perform the established condition, at which time the writ springs to life." *Gentry v. Deuth*, 456 F.3d 687, 692 (6th Cir. 2006). Petitioner incorporates ECF No. 17 by reference and, because that filing appears on the docket as a response to ECF No. 16, renews here his motion that the Court enforce the Order and direct his release on the terms set out below and in the accompanying proposed order. Local Rule 7.1(a)(3) provides that the Court "shall rule on motions as soon as practicable," and Petitioner respectfully submits that a motion to enforce an order of release, filed on the day the order's

deadline expired by a petitioner whose custody the Court has already found noncompliant, is one on which a ruling is practicable now.

## III. RELEASE SHOULD BE IMMEDIATE AND ANY RE-DETENTION SHOULD REQUIRE LEAVE OF COURT

The relief should be Petitioner's immediate release, and in any event within twenty-four hours, on the reporting conditions under which he lived at liberty from October 2024 until November 2025, together with a notice confirming release within twenty-four hours after it occurs. ECF No. 17; *see Sencion*, 2026 U.S. Dist. LEXIS 158883, at *14 (ordering immediate release and a status report confirming compliance within two business days); *Gonzalez*, 2026 U.S. Dist. LEXIS 136829, at *25–26 (ordering immediate release and a notice of compliance within twenty-four hours). Because Respondents maintain that Petitioner is lawfully detained and have acknowledged no obligation under the Order, ECF No. 16 at 2, the order should also provide that Respondents may not re-detain him without first obtaining leave of the Court upon a showing of a material change in circumstances arising after the order, so that the relief the Court has already directed cannot be undone by a new arrest on the same record. *See Gonzalez*, 2026 U.S. Dist. LEXIS 136829, at *25–26 (barring re-detention under the stayed 2025 Guidance); *Sonora-Abrajan*, 2026 U.S. Dist. LEXIS 107449, at *2 (prohibiting re-detention until the petitioner had a reasonable opportunity to submit her biometrics). Pending release, the order should also bar Petitioner's transfer out of this District, a step the Court's June 1, 2026 Order already conditions on forty-eight hours' advance notice. ECF No. 4 ¶ 3.

## CONCLUSION

Petitioner respectfully requests that the Court (1) treat Respondents' Response to Court Order (ECF No. 16) as their opposition to ECF No. 17 and decide ECF No. 17 on the existing record, (2) grant ECF No. 17 and order Respondents to release Petitioner immediately, and in any event within twenty-four hours, on the reporting conditions of his October 1, 2024 parole, (3) order Respondents to file a notice confirming release within twenty-four hours after it occurs, (4) bar Petitioner's transfer out of this District pending release and his re-detention without leave of Court upon a showing of a material change in circumstances arising after the order, (5) retain jurisdiction to enforce its orders, and (6) grant such further relief as the Court deems just.

Respectfully submitted,

JUAN LUCAS PEREIRA DA SILVA,
By his attorney,

**/s/ Jacob S. Binnall**
Jacob S. Binnall (BBO No. 712846)
Law Office of Jacob Binnall PLLC
43 Park Street #17
Framingham, MA 01702
Tel: (508) 656-4540
jake@attorneybinnall.com

Dated: September 27, 2026

**CERTIFICATE OF CONFERENCE PURSUANT TO LOCAL RULE 7.1(a)(2)**

The undersigned certifies that on September 26, 2026, he wrote by email to Special Assistant United States Attorney Vincent Engingro III, counsel for Respondents, requesting Respondents' position on this motion in a good-faith attempt to resolve or narrow the issues it raises, and that Respondents had not stated their position at the time of filing.

**/s/ Jacob S. Binnall**
Jacob S. Binnall

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 27, 2026.

**/s/ Jacob S. Binnall**
Jacob S. Binnall